UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAUNDRA HOLIDAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:21-cv-3090 |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant, Target Corporation ("Target"), by counsel, respectfully removes the State Court case filed under Cause No.: 49D01-2112-CT-040312 to the United States District Court, Southern District of Indiana, Indianapolis Division, and in support hereof states:

1. On or about December 6, 2021, Saundra Holiday, ("Plaintiff") a citizen of the State of Indiana, filed a Summons and Complaint against Target in Marion Superior Court #1, under Cause No.: 49D01-2112-CT-040312. (Copies of the State Court filings are attached hereto as Exhibit "A").

2. The Summons and Complaint were served on Target via certified mail and service was perfected on or about December 9, 2021. On or about December 15, 2021, undersigned counsel entered his Appearance on behalf of Target.

3. The parties are of diverse citizenship:

   a. Plaintiff is domiciled in the State of Indiana.

    b. Target is a corporation incorporated pursuant to the laws of the State of Minnesota with a principal place of business located in Minneapolis, Minnesota.

    c. There are no other named parties.

4. This is a personal injury action. According to the Complaint, on or about January 8, 2020, Plaintiff allegedly tripped and fell over an exposed area of shelving which was overhanging the aisle walkway resulting in various personal injuries. (Complaint, para. 4).

5. Plaintiff seeks damages including, but not limited to, various injuries and medical expenses, endured pain, suffering and mental anguish and lost income and earning capacity. (Complaint, para. 4).

6. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

7. A removing Defendant need only show by a preponderance of the evidence facts that suggest the $75,000 jurisdictional amount set forth in 28 U.S.C. § 1332 has been satisfied. Carroll v. Stryker Corp., 658 F.3d 675, 680 (7th Cir. 2011). Once it has made this showing, jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000. Id. The legal-certainty test sets the bar high for excluding federal subject-matter jurisdiction, and for good reason: District Courts should not get bogged down at the time of removal in evaluating claims on the merits to determine if jurisdiction exists. Id. at 680-81.

8. The amount in controversy has been met in this situation as Plaintiff has alleged various damages, resulting from a trip and fall in the Defendant's store. Plaintiff contends that she suffered physical injuries and medical expenses. (Complaint, para. 4). Under any reasonable

estimation of how a jury could value the elements of damages as alleged in Plaintiff's Complaint, the amount in controversy requirement has been satisfied.

9. This Court has original jurisdiction under 28 U.S.C. § 1332 for the reasons set forth above.

10. Target filed a Motion for Extension of Time to respond to Plaintiff's Complaint in the Marion Superior Court #1 on December 15, 2021.

11. This Notice of Removal is being filed in the United States District Court for the Southern District of Indiana, Indianapolis Division, the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel. A copy of the Notice of Removal will be filed with the Clerk of the Hamilton Superior Court #1 of the State of Indiana.

13. This Notice of Removal is being filed within thirty (30) days after Target learned that the amount in controversy exceeds $75,000.00.

14. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Target Corporation, by counsel, respectfully requests that this action be duly removed to this Court, and that it proceed herein.

Respectfully submitted,

COOTS HENKE & WHEELER, P.C.

/s/ Jeffrey S. Zipes
Jeffrey S. Zipes        # 15303-29
Attorney for Defendant

## CERTIFICATE OF SERVICE

     I hereby certify that **on December 23, 2021**, a copy of the foregoing **Notice of Removal** was filed electronically. Notice of this filing will be sent to the following person by e-mail transmission.

>Mr. John F. Townsend, III
>TOWNSEND & TOWNSEND, LLP
>151 N. Delaware St., Ste. 770
>Indianapolis, IN 46204

> /s/ Jeffrey S. Zipes
>Jeffrey S. Zipes

Jeffrey S. Zipes  # 15303-29
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385 fax
Email: jzipes@chwlaw.com